**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Tajudeen O. Oladiran. | No. MC-10-0025-PHX-DGC |
| | **ORDER** |

On February 26, 2010, Judge Snow issued an order requiring attorney Tajudeen Oladiran to show cause why he should not be disbarred from the practice of law in this Court or otherwise disciplined pursuant to Rule 83.2 of the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"). *See* Dkt. #78, *Oladiran v. Suntrust Mortgage, Inc.*, No. CV-09-01471-GMS. The Clerk of Court set up a separate proceeding with a miscellaneous case number, MC-10-00025, and that case was randomly assigned to the undersigned Judge for resolution of the Order to Show Cause issued by Judge Snow. *See* Dkt. #1, *In re Oladiran*, No. MC-10-00025-DGC.

Local Rule 83.2 governs attorney discipline in this Court. That rule provides that an attorney may be disciplined "after such hearing as the Court may in each particular instance direct." LRCiv 83.2(a). While the Court may have discretion on how to proceed under Local Rule 83.2(a), this Circuit has made clear that a "'lawyer subject to discipline is entitled to due process, including notice and an opportunity to be heard.'" *In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2008) (quoting *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 564 (9th Cir. 1990)); *see Gallo v. U.S. Dist. Ct.*, 349 F.3d 1169, 1185-86 (9th Cir. 2003); *Poole v. Smith*, 222 F.3d 618, 620 (9th Cir. 2000). Due process does not require a full-blown trial.

*See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1112 (9th Cir. 2005). Instead, the procedural safeguards of notice and opportunity to be heard should allow an attorney "to argue that his actions were an acceptable means of representing his client, to present mitigating circumstances, or to apologize to the court for his conduct." *Id.* at 1110; *see also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (the "opportunity to brief the issue fully satisfies due process requirements"). The Court will provide Mr. Oladiran with the notice and the opportunity to be heard required by the Due Process Clause.

The Order to Show Cause provides facts suggesting that Mr. Oladiran may have violated numerous rules of professional conduct. Dkt. #1; *see* Ariz. R. Sup. Ct. 42 (setting forth ethical rules for attorneys); LRCiv 83.2(e) (applying Arizona's ethical rules to attorneys admitted to practice before this Court). The violations alleged are serious, and, if proven, may result in Mr. Oladiran's disbarment from this Court. Any misconduct on the part of Mr. Oladiran must therefore be established by clear and convincing evidence. *See In re Barach*, 540 F.3d 82, 85 (1st Cir. 2008) (noting that most jurisdictions require clear and convincing evidence in attorney disciplinary proceedings); *In re Medrano*, 956 F.2d 101, 102 (5th Cir. 1992) ("A federal court may disbar an attorney only upon presentation of clear and convincing evidence[.]"); *Collins Sec. Corp. v. SEC*, 562 F.2d 820, 825 (D.C. Cir. 1977) (noting the "clear and convincing evidence long required for discipline of attorneys").

In order to avoid the "awkward responsibility" of serving both as prosecutor and arbiter, *see Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1436 (9th Cir. 1995), the Court will appoint the United States Attorney for the District of Arizona, Dennis Burke, or his designee, to investigate and prosecute the ethical violations alleged in the Order to Show Cause. *See Sealed Appellant 1 v. Sealed Appellee 1*, 211 F.3d 252, 254 (5th Cir. 2000) (U.S. Attorney appointed to investigate and report on conduct of attorney). Mr. Burke shall notify Mr. Oladiran and the Court, by **April 9, 2010**, of the attorney designated to handle this matter.

The Court will grant Mr. Oladiran's request for a status conference (Dkt. #3). A status conference will be held on **April 21, 2010 at 10:00 a.m.** Mr. Oladiran and the U.S. Attorney's designee shall appear at the conference in person. The purpose of the conference will be to discuss the following matters and any others the parties wish to raise: (1) Mr. Oladiran's motion for discovery (Dkt. #2); (2) what motions, if any, should be permitted as part of this proceeding; (3) what kind of hearing or briefing should occur for the Court to reach a decision on whether ethical violations have occurred and, if so, what discipline, if any, should be imposed. Mr. Oladiran and the designated prosecutor may each submit a case management memorandum (not to exceed seven pages) no later than **April 16, 2010**.

**IT IS ORDERED:**

1. The United States Attorney for the District of Arizona, Dennis Burke, or his designee, is **appointed** to investigate and prosecute ethical violations alleged in the Order to Show Cause (Dkt. #1).
2. Mr. Burke shall file a notice of designation decision by **April 9, 2010**.
3. Mr. Oladiran's request for status conference (Dkt. #3) is **granted**.
4. A status conference is set for **April 21, 2010 at 10:00 a.m.**
5. Mr. Oladiran and the designated prosecutor may each file a seven-page case management memorandum by **April 16, 2010**.
6. The Clerk is directed to deliver a copy of this order to the United States Attorney's Office for the District of Arizona. The Court' staff will also email a copy of this order to the United States Attorney's Office to ensure that the schedule set forth above can be met.

DATED this 23rd day of March, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge