**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Tajudeen O. Oladiran. | No. MC-10-0025-PHX-DGC |
| | **ORDER** |

The Court held an extended case management conference with the parties on April 30, 2010. Assistant United States Attorney Peter Lantka appeared as special prosecutor pursuant to the Court's previous order. Dkt. #4. Respondent Tajudeen Oladiran appeared on his own behalf. The Court and the parties discussed Respondent's request for discovery and the procedures to be followed in briefing and presenting evidence. After considering the parties' positions and relevant case law, the Court enters the following orders.

**I.     Respondent's Request for Discovery.**

The charges against Respondent are set forth in the Order to Show Cause issued by Judge G. Murray Snow on February 26, 2010 (the "OSC"). *See Oladiran v. Suntrust Mortgage, Inc.*, No. CV-09-01471-PHX-GMS, Dkt. #78. The OSC sets forth four charges of misconduct and describes the factual basis for the charges and the ethical rules that may have been violated. The Court concludes that the OSC satisfies the due process requirement that Respondent be given notice of the charges against him. *See In re Lehtinen*, 564 F.3d 1052, 1060 (9th Cir. 2008).

Respondent has filed a motion seeking extensive discovery. Dkt. #2. Respondent seeks to depose and serve written discovery requests on Judges G. Murray Snow, Mary H. Murguia, Susan R. Bolton, and Lawrence O. Anderson of this Court, and Judge John W.

Sedwick of the United States District Court for the District of Alaska. Respondent also seeks to depose and serve written discovery on several lawyers and entities involved in cases from which the OSC charges arise, including Larry Folks, Kathleen Weber, John Clemency, Dana Troy, and representatives of Sun Trust Mortgage, Inc. and Sun Trust Banks, Inc.

### A. OSC Charges I, II, and III.

Charges I, II, and III of the OSC concern motions in which Respondent made disparaging statements about federal judges, declined to obey orders by federal judges, and filed lawsuits against federal judges. The facts at issue in these charges are matters of public record. The special prosecutor stated during the case management hearing on April 30, 2010, that he intends to rely solely on the public record to substantiate the charges.

Respondent argued that he should be permitted to inquire about the judges' reasons for various actions. The Court does not agree. The charges in the OSC arise out of actions Respondent took in response to public-record decisions by Judges Snow, Murguia, Bolton, Anderson, and Sedwick. When asked during the case management hearing, Respondent could identify no private communications he had with any of these judges. Thus, the question to be decided is whether Respondent's public responses to public judicial decisions violated applicable ethical rules. The answer to that question will turn on the ethical propriety of Respondent's actions, not on the judges' reasons for their decisions.

Federal courts generally "have rejected due process challenges to the denials of broad, vague, and unnecessary discovery requests by lawyers involved in disbarment/disciplinary proceedings." *Thompson v. Florida Bar*, 526 F. Supp. 2d 1264, 1281 (S.D. Fla. 2007); *see Sexton v. Ark. S. Ct. Comm on Prof'l Conduct*, 730 F. Supp. 285, 287-88 (W.D. Ark. 1990) (denial of discovery in disciplinary proceeding did not alter a "substantial right"); *see also Gunter v. Va. State Bar*, 399 S.E.2d 820, 823 (Va. 1991) (attorney has no due process right to discovery in disciplinary proceeding given that there "is no general constitutional right to discovery in a criminal case") (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). Attorneys subject to possible disbarment have been denied discovery of judges in other matters. *See also In re Fletcher*, 424 F.3d 783, 794 (8th Cir. 2005).

Respondent will be permitted to present evidence explaining why he took the actions at issue in charges I, II, and III. He will be permitted to explain the context of his actions and to present evidence in mitigation. Discovery directed at the judges in the cases mentioned in the OSC will not produce relevant information.

### B.     OSC Charge IV.

The allegations in charge IV are somewhat different. Respondent is alleged to have made threatening statements to a private attorney and a mediator in a case pending in this Court. As the Court made clear at the case management conference, however, the Court intends to base its decision with respect to this charge solely on evidence contained in the public record or attached to the OSC. Thus, the Court will consider statements made by Respondent in motions filed in court and emails Respondent sent to opposing counsel and a mediator which are quoted in and attached to the OSC. To be specific, the Court will consider Respondent's alleged statement quoted on page 7, lines 14-17 of the OSC; the alleged statement quoted on page 7, line 27, through page 8, line 3 of the OSC; the alleged statements quoted on page 8, lines 5-11 of the OSC; and the motion to recuse referenced on page 8, lines 12-16 of the OSC. Each of these statements allegedly was made by Respondent in a court filing or in emails to opposing counsel or a mediator. Respondent will be free to explain the context and reasons for his statements and to present any evidence in mitigation. At this stage, it appears that discovery of the parties involved in these cases, including the attorney and mediator, is not necessary for the Court to consider whether Respondent's statements constituted unethical behavior.

The Court notes that the right to conduct discovery generally does not arise in attorney disciplinary proceedings. As the Ninth Circuit has explained, the presentation of witnesses in a disbarment hearing "go[es] beyond what is required under federal constitutional law." *In re Lehtinen*, 564 F.3d at 1060; *see also United States v. Engstrom*, 16 F.3d 1006, 1012 (9th Cir. 1994) ("Procedural due process does not encompass the right to present all desired evidence").

## II. Procedures for the Remainder of the Case.

The special prosecutor proposed that the parties disclose any documentary evidence to be used in connection with these proceedings, followed by Respondent's response to the OSC and the special prosecutor's reply. Dkt. #6 at 3. When asked during the case management conference whether he would prefer to have the special prosecutor file a memorandum before he responds to the OSC, Respondent stated that he would prefer to respond first to the OSC, with the special prosecutor to then reply to his response. The Court therefore adopts the following schedule:

- By **May 14, 2010**, the special prosecutor shall disclose to Respondent any documentary evidence to be used in support of the OSC. This documentary evidence should include any public records not attached to the OSC. The special prosecutor need not reproduce documents attached to the OSC.

- On **June 11, 2010**, Respondent shall file a response in opposition to the OSC. The response should include any evidence Respondent wishes the Court to consider in justification or mitigation of his actions. Respondent may include documents, affidavits, or expert materials.[1]

- On **July 2, 2010**, the special prosecutor shall file a reply in support of the OSC.

If Respondent desires to present live testimony at a hearing on the OSC charges, he should so state in his response, specifying the testimony he desires to present, why it is necessary, what witnesses would be called, and how long the testimony would take. The special prosecutor should respond to this proposal in his reply.

After receiving the memoranda, the Court promptly will schedule a hearing and specify whether evidence is to be presented or whether the hearing will be limited to oral

---

[1] Respondent stated during the case management conference that he may seek to file some material under seal. If he does so, Respondent should comply with Local Rule of Civil Procedure 5.6.

argument. The parties' memoranda should state the dates when they are available for a hearing.

**IT IS ORDERED:**

1. Respondent's motion for discovery (Dkt. #2) is **denied**.

2. This case will proceed as outlined above.

DATED this 3rd day of May, 2010.

_____
David G. Campbell
United States District Judge