**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Tajudeen O. Oladiran. | No. MC-10-0025-PHX-DGC |
| | **ORDER** |

The charges of unethical conduct against Respondent Tajudeen Oladiran are set forth in the Order to Show Cause issued by Judge Murray Snow on February 26, 2010 (the "OSC"). *Oladiran v. Suntrust Mortgage, Inc.*, No. CV-09-01471-PHX-GMS, Doc. 78. The Court held a case management conference with the parties on April 30, 2010. *In re Oladiran*, No. MC-10-0025-PHX-DGC, Doc. 9. Assistant United States Attorney Peter Lantka appeared as special prosecutor pursuant to the Court's previous order. Doc. 4. Respondent appeared on his own behalf. The Court and the parties discussed Respondent's request for discovery (Doc. 2) and the procedures to be followed in briefing and presenting evidence.

On May 3, 2010, the Court entered an order denying the request for discovery and setting a briefing schedule. Doc. 10. The Court stated that upon receipt of the briefs it would promptly schedule a hearing and specify whether evidence is to be presented or whether the hearing will be limited to oral argument. *Id.* at 4-5. The OSC is now fully briefed. Doc. 17, 21. For reasons stated below, the Court finds that the hearing should be limited to oral argument. The Court will set a one-hour hearing on the OSC for **August 12, 2010 at 1:00 p.m.**

Respondent claims that any unethical behavior on his part was caused by his medical illness. Doc. 17 at 1-2. Respondent has submitted sealed copies of his medical records (Doc.

14, 16), but does not wish to present additional evidence of his medical condition at the hearing. The sole witness Respondent seeks to call at the hearing is attorney Kathleen Weber. Doc. 17 at 34. He asserts that live testimony by Ms. Weber is his "only recourse to remove the stigma associated with the false accusation that he threatened Ms. Weber with physical harm." *Id.* The special prosecutor notes, correctly, that testimony from Ms. Weber concerning her recollection of receiving the alleged threatening statements is unnecessary. Doc. 1 at 21 n.17. The Court made clear in its May 3, 2010 order that with respect to the alleged threatening statements to the private attorneys, the Court will base its decision solely on statements made by Respondent in emails sent to those attorneys which are quoted in the OSC. Doc. 10 at 3 (specifying statements by page and line numbers of the OSC). Thus, the question to be decided is whether Respondent's statements to the private attorneys violated applicable ethical rules. The answer to that question will turn not on Ms. Weber's reaction to the statements, but on the nature of the statements themselves.

In summary, the Court concludes that the hearing on the OSC charges should be limited to oral argument.

**IT IS ORDERED:**

1. A hearing on the OSC charges is set for **August 12, 2010 at 1:00 p.m.**.

2. The hearing will be limited to oral argument and will last no more than one hour.

DATED this 14th day of July, 2010.

David G. Campbell
United States District Judge